[No. 1947. Decided October 21, 1895.]

EDWIN D. SANDERS, *Assignee, Appellant*, v. MAIN & WINCHESTER *et al., Respondents*.

FRAUDULENT CONVEYANCES — CHATTEL MORTGAGE ON STOCK OF GOODS — APPLICATION OF PROCEEDS.

Where a chattel mortgage has been executed upon a stock of goods in good faith to secure a valid indebtedness, the fact that the mortgagee subsequently consents to an extension of the time of payment of installments due thereunder, and also consents to the payment by the mortgagor out of the proceeds of the mortgaged goods of certain small sums, whose payment was being urgently pressed against the mortgagor, will not render the mortgage fraudulent as to creditors.

*Appeal from Superior Court, Spokane County.*

Action by Edwin D. Sanders, as assignee of A. M. Orchard, an insolvent debtor, against Main & Winchester for the purpose of setting aside a chattel mortgage given them by said Orchard upon his stock of goods, the mortgagor being allowed to retain possession and apply the proceeds of sale to the satisfaction of the mortgage debt by the payment of certain stipulated installments of money. From a judgment for defendants, the plaintiff appeals.

*S. & J. W. Douglas, McBroom & McBroom,* and *Jones, Voorhees & Stephens,* for appellant.

*Blake & Post,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.—By this action the appellant sought to have a certain mortgage in favor of respondents declared fraudulent as against the creditors of the mortgagor on the ground that it was not made solely for the benefit of the mortgagees, but was intended as a cover to aid the mortgagor in delaying the claims of his other creditors. The cause was heard upon the pleadings and proofs, and the finding of the superior court was against the claim of the appellant. A careful examination of the record has convinced us that no other finding could have been rightfully made. We have been unable to find anything in the proofs which tended to show that the mortgage was not made by the mortgagor and accepted by the mortgagees, in the best of faith, for the purposes appearing upon its face. There was some testimony tending to show that some time after the mortgage was made there was a consent on the part of the mortgagees that the time in

which some of the installments were to be paid should be extended. It also appeared that the mortgagees consented to the payment of certain small sums which were being urgently pressed against the mortgagor, but the mortgage having been made in good faith was not rendered fraudulent by these transactions.

The facts proven bring the case within the rule announced by this court in *Warren v. His Creditors*, 3 Wash. 48 (28 Pac. 257), and *Ephraim v. Kelleher*, 4 Wash. 243 (29 Pac. 985).

The judgment must be affirmed.

ANDERS, SCOTT and DUNBAR, JJ., concur.

GORDON, J., not sitting.